THE STATE OF KANSAS, *ex rel. H. C. Safford, County Attorney* v. THE TOPEKA WATER COMPANY.

#### No. 10355.

1. RIGHTS OF PERSONS NOT PARTIES—*not discussed by supreme court unless necessary to determination of rights of parties.* Unless necessary to the determination of the rights of the parties before it, the court will not discuss questions affecting large interests of others who are not parties to the case.

2. FORFEITURE OF CHARTER—*adjudged for corporation's disregard of §§ 42, 43, 44, ch. 66, Gen. Stat. 1897.* A corporation created and organized under the laws of this state, which fails for more than six months to keep its general offices for the transaction of business within this state, as required by sections 42 and 43, and fails to keep the office of its treasurer and its moneys within this state, as provided in section 44, of chapter 66 of the General Statutes of 1897, forfeits its charter.

Original proceedings in *quo warranto*. Opinion filed March 5, 1898. *Judgment for plaintiff.*

*W. A. S. Bird*, City Attorney, for plaintiff; *H. C. Root*, of counsel.

*Rossington, Smith & Dallas* and *Clifford Histed*, for defendant.

ALLEN, J. This is an original action instituted in this court on the twenty-seventh of June, 1895, to obtain a forfeiture of the charter of the Topeka Water Company. On the sixteenth of June, 1897, an amended and supplemental petition was filed, which was answered by the defendant with a general denial. The case was tried on its merits at the January, 1898, session of the court. Numerous depositions and a large number of documents were offered in evidence, and subsequently very elaborate briefs were filed. The questions we deem it necessary to consider, however, are neither numerous nor difficult.

It appears that in 1881 a corporation known as The

Topeka Water Supply Company was organized.   The City of Topeka, by an ordinance duly passed, granted it the right to construct the works and lay the pipes necessary for supplying the city and its citizens with water, for the period of twenty years.   Under this ordinance a system of water works was constructed by that corporation.   On the twenty-eighth of December, 1889, the defendant company was duly incorporated.   On the twenty-ninth of January, 1890, an ordinance was passed by the city council authorizing a transfer by the Topeka Water Supply Company to the Topeka Water Company of all its rights and franchises under the ordinance first mentioned.   This transfer was effected shortly thereafter, and the Topeka Water Company acquired all the property of the first named company.   On the first of February 1890, the defendant executed a mortgage on all its property, including its rights and franchises under the city ordinances, to the Atlantic Trust Company, to secure bonds for the sum of $1,500,000.   At the time of the execution of this mortgage, there was a prior mortgage lien for bonds issued by the Water Supply Company amounting to $120,000.   Default having been made in the payment of interest on these mortgages, a suit was brought to foreclose them, in which one Elias Summerfield was appointed receiver.   The property was eventually sold, under the decree of foreclosure, to one Charles F. Street, who subsequently conveyed it to its present owner, The Topeka Water Company — a New Jersey corporation.   Some time prior to 1893, at a date not definitely shown, substantially all the stock of the defendant company was transferred, through Coffin & Stanton of New York City, to the American Debenture Company, a corporation having its headquarters in the Rookery Building in Chicago, and the active management of the affairs of the company was trans-

ferred from Topeka to Chicago. An office was kept at Topeka, in charge of an agent, who remitted his collections to the American Debenture Company. The records and books of the corporation were sent East, and do not appear to have ever been kept in the State after the American Debenture Company acquired the stock of the corporation. The office of the treasurer was not kept in this State later than 1893.

The proposition first advanced by the plaintiff, and discussed in the briefs at very great length, is that "the Topeka Water Company has so misused and abused its corporate rights, franchises and privileges, by attempting to mortgage them, that the State should declare a forfeiture not only of those granted by the State but those granted by the City of Topeka as well." The argument is that the company had no right under the law to mortgage its franchises; that its attempt to do so was an abuse of its corporate powers, for which a forfeiture should be declared, not only of its charter as a corporation, but also of the franchise granted it by the City of Topeka. Great diligence has been exhibited by counsel in the citation of authorities bearing on this question. But it is objected by counsel for the defendant that the parties interested in the determination of the question whether the mortgage executed by the defendant to the Atlantic Trust Company was valid or invalid are not before the court. That mortgage has been foreclosed, and the mortgaged property has been transferred under it to the New Jersey corporation. Whether, as between the City and the purchaser, this foreclosure and sale passed a good title to all the franchises and privileges granted by the City of Topeka, is a question which it is not necessary to consider in order to dispose of this case. The defendant has been foreclosed of its rights, but so far as we are informed the question is an open one as between the

City and the present owner of the property. Unless necessary to a determination of the case before us, there is manifest impropriety in discussing the rights of parties not be-

1. Rights of persons not parties, not discussed.

fore the court, and especially so where such great interests are involved.

In chapter 66 of the General Statutes of 1897, we find the following provisions :

"SEC. 42. Every corporation created by or existing under the laws of this state shall have and keep a general office for the transaction of business and shall keep such office within this state, and shall have at least three of its directors citizens and residents of this state ; and in case such corporation is a railroad or a railway company it shall have such general office located on or near the main line of its road or route mentioned in its charter. At such general office shall be kept the records and books of the corporation, and also of the office of the superintendent, general manager or director, secretary, auditor, treasurer and paymaster, general freight agent and general ticket agent, under whatever name the duties usually pertaining to such offices may be transacted, together with all books of account appertaining to the business of such offices.

"SEC. 43. Any corporation failing or refusing to obey any of the provisions of the first section of this act for the period of six months shall be deemed to have forfeited its charter, and such forfeiture may be decreed by the district court of any county in which such corporation may do business, or into which any line of such railroad or railway may extend, in an action to be instituted for that purpose in the name of the state of Kansas by the county attorney of the county in which such action is prosecuted.

"SEC. 44. All corporations or joint-stock companies of every description, whether organized and acting under a special charter or under the general law of the state, shall keep the office of their treasurer, or other officer or person keeping the funds, earnings or income of the corporation, within this state, and all

earnings, income, profits and moneys collected by any corporation or joint-stock company operating under the law of this state, until the same is disbursed or divided by the directors or other officers authorized to make division.''

The proof abundantly shows that the provisions of these sections have been violated by the defendant, and that such violation had existed for a period of more than six months before the action was commenced. No general office for the transaction of the business of the corporation was kept in this state later than 1893. The records of the proceedings of the stockholders and directors were sent East and never brought back. The office of the treasurer was not kept here, nor were the funds retained until distributed by the directors or other officers authorized to make division. After the payment of expenses, they were all sent to Chicago. The resident stockholders had parted with all their interest in the company and ceased to have any control over its affairs. After the foreclosure and sale under the mortgage the defendant corporation was left a mere empty shell, without property or purpose. The business for which it was organized is now transacted by its successor. It is not like a new corporation, just entering on its business career, which might be entitled to some indulgence. The defendant as a corporation has run its race. Its career is ended. It is guilty of such omissions as the statute declares shall forfeit its charter. We perceive no reason why such a dead thing should be permitted to hold a semblance of legal existence. Its charter has been forfeited, and this court must so declare.

Judgment will be entered annulling the defendant's charter, directing it to close up its affairs, and for the costs of this action.

2. Corporation disregarding statute, forfeits charter.